**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-50768

(Summary Calendar)

_____

SHANA COMPTON,

Plaintiff - Appellant,

versus

ALLAN B FOLLENDER, MD; NEIL M BORDEN, MD; JOHN G
LENIEUX, MD,

Defendants - Appellees.

Appeal from the United States District Court
For the Western District of Texas District
USDC No. W-02-CV-60

January 29, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Shana Compton ("Compton") appeals the district court's grant of summary judgment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in favor of the defendant doctors (the "doctors") in Compton's Texas medical malpractice action alleging failure-to-diagnose. The court apparently concluded that the doctors were entitled to summary judgment on all of Compton's claims because of its conclusion that her claims are barred by Texas' two-year statute of limitations for medical malpractice lawsuits,[1] and because Compton is without recourse to save them. Compton argues on appeal that the court erred in deciding that the Open Courts Provision of the Texas Constitution does not save her claims.[2]

The Open Courts provision provides an exception to the two-year statute of limitations and requires a plaintiff to sue within a "reasonable time" after he or she has discovered his or her injury. *Shah v. Moss*, 67 S.W.3d 836, 847 (Tex. 2001). In Compton's response to the doctors' summary judgment motion, she conceded that, after a proper diagnosis enabled her to discover her condition (Chiari Malformation), she waited twenty-four months before filing this medical malpractice suit in the district court. Thus, the Open Courts Provision does not save Compton's medical malpractice suit because, as a matter of law, Compton did not file this lawsuit within a "reasonable" period of time after she discovered her injury. *See id.* at 846-47 (holding that the plaintiff did not file his medical malpractice suit within a reasonable period of time "where the summary judgment evidence shows [the plaintiff] knew about his alleged injury . . . at least seventeen months before he brought suit"); s*ee also Hall v. Dow Corning Corp.*, 114 F.3d 73,77 (5th Cir. 1997) (holding that the Texas Open

---

[1] *See* TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 ("Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed . . . .").

[2] The Open Courts provision provides: "All courts shall be open, and every person for an injury done him, in his lands, goods, person, or reputation, shall have remedy by due course of law." TEX. CONST. Art. I § 13.

Courts provision did not save medical malpractice claims filed fifteen-months after the plaintiff's actual discovery of his injury).

The district court's judgment is AFFIRMED.